**Stephen J. Joncus**, OSB #013072
Email: stephen.joncus@klarquist.com
**N. Andrew Sfeir**, OSB #131787
Email: andy.sfeir@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff*
*CAROL WILSON FINE ARTS, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAROL WILSON FINE ARTS, INC.,** an Oregon corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>**ZIFEN QIAN,** an individual,<br><br>                    Defendant. | Civil No.: 3:14-CV-00587-AA<br><br>**DECLARATION OF GARY SPECTOR IN SUPPORT OF CAROL WILSON FINE ARTS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

I, Gary Spector, declare as follows:

1.      I am the President and Co-founder of Carol Wilson Fine Arts, Inc. ("Carol Wilson Fine Arts"). I provide this declaration in support of Carol Wilson Fine Arts' Motion for Partial Summary Judgment. I have personal knowledge of the matters herein, and, if called as a witness, could testify competently thereto.

2.      The business of Carol Wilson Fine Arts was producing original greeting cards, stationery, and other products featuring artwork. What differentiated Carol Wilson Fine Arts from others was the unique and original art used in our products as well as other design factors.

3.      Carol Wilson Fine Arts used art generated by its employees, from independent contractors, and other sources. Mr. Qian was a long-time employee of Carol Wilson Fine Arts. Mr. Qian's relationship with Carol Wilson Fine Arts was never as an independent contractor.

4.      Mr. Qian was employed by Carol Wilson Fine Arts as a professional artist for the purpose of creating original paintings that could be used in Carol Wilson Fine Arts' products. Mr. Qian was originally employed with the title "Artist" and was later promoted to "Senior Artist."

5.      Mr. Qian was a full-time employee of Carol Wilson Fine Arts for more than 21 years. During that period of time, Mr. Qian created a large number of works for Carol Wilson Fine Arts. Carol Wilson Fine Arts has file drawers full of the original art generated by Mr. Qian during his employment. Many of our products incorporated art created by Mr. Qian during the course of his employment.

6.      Mr. Qian was a skilled artist who did good work for us for 21 years. We would not have employed him for that length of time unless he was a good artist. We also wanted to

keep him employed at Carol Wilson Fine Arts because we did not want him to work for any of our competitors. The success of Carol Wilson Fine Arts depended on the attractiveness of our products. We employed Mr. Qian and other artists to help create products that would be attractive to our customers. Mr. Qian worked for Carol Wilson Fine Arts under our control and direction. My wife, Carol Wilson, and I were active in reviewing and managing Mr. Qian's work so that the original art he created could be used in our products.

7. Mr. Qian was provided an office at Carol Wilson Fine Arts' facility to do his work. Mr. Qian was not permitted to work for Carol Wilson Fine Arts from home. Mr. Qian was not a manager and he was not authorized to hire or pay assistants.

8. Mr. Qian was paid an hourly wage for his work. He was required to maintain regular hours in the office that matched the company's business hours. He was required to seek approval for scheduling vacation time. In the early years we recorded the time worked on time cards. Later, we installed a time clock. For the entire 21 years of Mr. Qian's employment, the time that he worked was recorded on time cards or on the time clock. Carol Wilson Fine Arts withheld taxes for Mr. Qian as it did for every other employee. Every year, we provided Mr. Qian with an annual W-2 statement indicating the amount he was paid and the taxes withheld as we did for every other employee. Attached as Exhibit 13 is a true and correct copy of Mr. Qian's 2013 W-2 Wage and Tax Statement that has been redacted to remove confidential information.

9. Carol Wilson Fine Arts provided health insurance benefits for Mr. Qian. Attached as Exhibit 14 is a true and correct copy of Mr. Qian's application for coverage under Carol Wilson Fine Arts health insurance plan that has been redacted to remove confidential information. During some years, Carol Wilson Fine Arts contributed to its employees'

Individual Retirement Accounts, including Mr. Qian's. Carol Wilson Fine Arts provided Mr. Qian with annual paid vacation. Carol Wilson Fine Arts provided Mr. Qian with paid sick leave.

10. Carol Wilson Fine Arts supplied Mr. Qian with the materials and tools enabling him to do his work. We provided him with a computer. He had an office with a desk, a drafting table, art flat files and other storage, color corrected lighting, and bookshelves. We provided props for him to paint such as fresh flowers. We provided reference materials and books to inspire new ideas for his painting. We provided production equipment such as scanners to scan his work to digital files. We provided Mr. Qian with his painting supplies such as brushes, paint, and art paper.

11. Attached as Exhibit 1 is a true and correct copy of Carol Wilson Fine Arts' Employee rules showing a revision date of January 1, 1993 and Zifen Qian's signature dated January 6, 1993.

12. Attached as Exhibit 2 is a true and correct copy of the table of contents from from Carol Wilson Fine Arts' Employee Handbook showing a revision date of January 1995 and Zifen Qian's signature on the Acknowledgment for the Handbook, dated January 10, 1995.

13. Attached as Exhibit 3 is a true and correct copy of an email that I sent to Mr. Qian and bearing the date December 26, 2010.

14. Attached as Exhibit 4 is a true and correct copy of an email that I sent to Mr. Qian and bearing the date February 25, 2010.

15. Attached as Exhibit 5 is a true and correct copy of an email that Mr. Qian sent to me and bearing the date April 25, 2011.

16. Attached as Exhibit 6 is a true and correct copy of an email that Mr. Qian sent to me and bearing the date September 8, 2010.

17. Attached as Exhibit 7 is a true and correct copy of an email that Mr. Qian sent to me and bearing the date February 10, 2012.

18. Attached as Exhibit 8 is a true and correct copy of an email that Mr. Qian sent to me and bearing the date August 26, 2009.

19. Attached as Exhibit 9 is a true and correct copy of an email that I sent to Mr. Qian and bearing the date December 29, 2010.

20. Attached as Exhibit 10 is a true and correct copy of an email that I sent to Mr. Qian, Carolyn Coghlan, Jung Lee, Beth Grove, David Lewis, and Elizabeth Campbell and bearing the date June 3, 2009. All six of these individuals were full-time employees and artists in Carol Wilson Fine Arts' art department.

21. Attached as Exhibit 11 is a true and correct copy of an email that I sent to Mr. Qian and bearing the date March 26, 2012.

22. Attached as Exhibit 12 is a true and correct copy of an email that I sent to Mr. Qian and bearing the date June 18, 2012.

I declare under penalty of perjury that the foregoing statements are true. Executed this 27th day of June, 2014.

By: _____
Gary Spector