IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CAROL WILSON FINE ARTS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZIFEN QIAN,<br><br>an individual,<br><br>Defendant. | Civil No. 3:14-CV-00587-AA |

### SUPPORT OF MOTION OF DEFENDANT ZIFEN QIAN'S RESPONDING MOTION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

I

### Deny "Introduction" of CAROL WILSON FINE ARTS, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

MOTION OF DEFENDANT ZIFEN QIAN'S RESPONDING MOTION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT is based on specific laws and evidences and has been clearly indicated. Plaintiff's arguments and claims were either intentionally or unintentionally misunderstanding the principles of US copyright laws and US constitutional rights.

Plaintiff's claims in Motion of Plaintiff's Partial Summary Judgment were based on ignoring two undisputable facts of **1, painting creation is not part of Zifen Qian's employment agreement evidenced by employment agreement signed in 1992 (see the agreement in file of this case), and 2, Zifen Qian's all original paintings during the 21 years were independently created without any other person's control and direction because those are representations of his own style, philosophy, sprit, emotion and personality evidenced by the paintings themselves and Zifen Qian's signatures and author name being published on CWFA greeting cards and other paper publications (see exhibits 1 to 4)**. Therefore Defendant declares that Motion of Plaintiff's Partial Summary Judgment has no legal bases to support and is an illogical statement, cannot be survived.

Plaintiff states "Whether Mr. Qian is an "employee" and whether his work was within the "scope of employment" turns on the application of the principles of common-law agency. Id. at 739-40. The meaning of the term "scope of employment" is understood according to the principles of the Restatement (Second) of Agency § 228 (1958). Id. at 740; U.S. Auto Parts Network v. Parts Geeks, 692 F.3d 1009, 1015 (9th Cir. 2012). The term "employee" is understood according to the principles of the Restatement (Second) of Agency § 220(2) (1958)". <u>Plaintiff ignored a basic fact that Painting is not part of written employment agreement, and there was no employment relationship between Zifen Qian's painting and Carol Wilson Fine Arts, Inc. evidenced by the written employment agreement (see the agreement in file of this case). Therefore the term of "scope of employment" is irrelevant in this point.</u> Plaintiff is misplacing the law with no logical concept in this point.

## II
## Deny "ARGUMENT" of CAROL WILSON FINE ARTS, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Plaintiff's Required Facts Record Were Misleading

The true facts and key issues of this case have been provided in MOTION OF DEFENDANT ZIFEN QIAN'S RESPONDING MOTION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT. Therefore the Motion of Plaintiff's Partial Summary Judgment has no legal bases and true facts to support and it cannot be survived. Plaintiff tried to play legal procedure game to mislead the direction of the case by repeating irrelevant arguments. Attached in this SUPPORT OF MOTION OF DEFENDANT ZIFEN QIAN'S RESPONDING MOTION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT are related exhibits to further support Motion of Defendant Zifen Qian's Responding Motion Of Plaintiff's Partial Summery Judgment.

### B. Plaintiff Has No Legal Written Agreement To Prove Zifen Qian's Painting For Employment

**1. Plaintiff misplaced law provision by switching concepts to use the term of "default rule"**

Plaintiff quoted "Absent any writing, the default rule is that the employer owns the copyrights in work by an employee within the scope of his employment.2 17 U.S.C. §§ 101, 201(b)". <u>Plaintiff misplaced concepts of **copyright ownership** and **employment**. Since Zifen Qian's painting was not included in his job duty of employment agreement, there was no issue of "absent any writing" to apply "default rule" about copyright ownership, because that provision is only apply for the work has been legally confirmed</u>

through written contract as part of employment. The "absent any writing" to apply "default rule" is about copyright ownership issue, NOT employment issue. This is a logical problem of Plaintiff in this point.

Plaintiff states "Nor does Mr. Qian point to any other written instrument (because it does not exist) in which he and Carol Wilson Fine Arts agreed that the copyrights in Mr. Qian's work were not owned by Carol Wilson Fine Arts. See 17 U.S.C. § 201(b)". Plaintiff ignored a basic fact that Painting was not part of job duty in the written employment agreement, and there was no employment relationship between Zifen Qian's painting and Carol Wilson Fine Arts, Inc. evidenced by the written employment agreement. Therefore the "other written instrument" is irrelevant in this point. The "other written instrument" is about copyright ownership issue, NOT employment issue. Plaintiff is misplacing the law with logical problem in this point.

## 2. Plaintiff misplaced applicable law

Plaintiff states "Mr. Qian maintains his position based apparently on his personal view of common sense and human rights". Plaintiff intentionally or unintentionally does not understand the US Constitution protected human rights principle, does not recognize professional common sense and basic legal knowledge. In the United States, any individual who controls or directs other person to vote or to sign statements include painting as visual statement is against law (pursuit Voting Rights Act 1965 section 201. Uniform Commercial Code 1-201(37), 3-401b. US Constitution First Amendment). That means if the signature or the name being published within a painting, that painting must 100% (not even 99%) represent the painter (author)'s identity with 100% personal decision without others control and direct. Therefore the painter must hold authorship and copyright ownership of the painting. Zifen Qian's name and signature being published on CWFA greeting cards and other paper publications is strong evidence that Zifen Qian's painting creation was not under any other person's control and direct (see exhibits 1 to 4). That is exactly matched by the principle of Nimmer Copyright Notes and US Copyright Act. This is not Zifen Qian's personal view. This is universal human rights principle protected by US Constitution. Plaintiff has ignored basic legal knowledge with no logical concept in this point. Plaintiff's irresponsible statement of "Mr. Qian fails to cite any law in support of his view of common sense and his view of human rights principles" has no base to stand. Such statement has shown Plaintiff's serious lack of basic knowledge of US Constitution Amendments and related laws.

## 3. Plaintiff repeated to ignore the fact of Zifen Qian's painting is not part of written Employment Agreement and misled a case example

Plaintiff mentioned a case of "the artists' sculpture to be "work for hire" in Carter v. Helmsley-Spear, 71 F.3d 77, 88 (2d. Cir.1995). The artists in that case "had complete artistic freedom with respect to every aspect of the sculpture's creation." Id. at 86. The sculpture exuded (as Mr. Qian would put it) the "artistry (style, philosophy, spirit, emotion, and personality)" possessed by the artists." <u>Plaintiff ignored an important fact of that case, which the building management company has **written agreement with the artists specifically** and indicated installation of the sculpture in the lobby of the commercial building **is employment,** and **the sculpture has only function of such installation** (evidenced by the details of the case). That case is completely different than this litigation. Plaintiff also tried to insult Zifen Qian's professional freedom of painting creations by stating the sculptors "exercised more control over the "artistry" of the product than Mr. Qian ever did". Such irresponsible statement ignored real fact. It is clear that the installation of the sculpture was under restrictions from the written employment contract specifically for the only function of installation in that building lobby space. But **Zifen Qian's paintings have no such restrictions from any written agreement relating painting creation specifically, and Zifen Qian's paintings are not for an only function, instead, with academic value beyond one publication need.**</u>

**There is a suitable case that Plaintiff should learn:** Smith, a full-time university professor, teaches three courses and spends the remainder of her time writing a book. There is no agreement signed between Smith and university (University of Rhode Island) that the book is "work made for hire" specifically. Which means a full time professor is, by job description, expected to do some publishing. However, intellectual is extended a great degree of freedom in the United States. Even though there is a written statement by URI that the professor is expected to create scholarly work, there is no written agreement that the professor will create this or that specific books. Also, case law in the courts has demonstrated that it has been very traditional that the professor owns the copyright in this case cited above. Consequently, the activity of writing the book during his employment is not "work made for hire". Smith owns copyright of the book. (URI case records)

C. **Plaintiff Ignored The Fact That Zifen Qian's Employment Position Is Not About His Painting Creation Evidenced By Written Employment Agreement**

All 13 points in C of CAROL WILSON FINE ARTS, INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT repeated same message which ignored **real fact** that Zifen Qian's employment position is NOT about his creative academic painting which represents his style, philosophy, sprit, emotion and personality. To clarify undisputable facts and applicable law for this case the following is again to state truth:

1. Those plaintiff's exhibits of emails in the motion have shown the examples of typical communications between author and publisher. Based on the uniqueness of the

publication, <u>such email communications would happen between Gary Spector (publisher) and any artist (author) who wants to his or her painting to be published on CWFA portfolio and greeting card. CWFA has published other freelance artist's paintings on its portfolios and greeting cards with the same way of processing to ask some artists to show roughs and to cut and paste copies of their paintings for fitting formats of the unique products (see exhibits 7, 8).</u> But no those artists would accept Gary Spector to control and direct their original painting creations because they have to keep identities and copyrights.

2. The emails in the motion have shown that Zifen Qian presented his paintings to Gary Spector (publisher) for options (possible) of being published on portfolios and greeting cards. <u>As an author Zifen Qian always welcome comments and suggestions and try to better cooperate with publisher. Zifen Qian has done the same way to present his watercolors to other publishers.</u> For example, Zifen Qian has 40 watercolors to be illustrated on a book "Entertaining with Betsy Bloomingdale" published in 1994. The publisher provided reference photos and Betsy Bloomingdale has shared personal items and asking to be depicted in Zifen Qian's watercolors. Zifen Qian has shown his roughs to the publisher and listened comments and suggestions from the publisher as well (see exhibits 5, 6). <u>Such cooperation is for insuring the book to be better publishing result. And such cooperation doesn't change Zifen Qian's authorship and copyright of all 40 watercolors illustrated on the book. And such cooperation is nothing to do with publisher "control" and "direct" author's original painting creations.</u>

3. Gary Spector tried to use those emails to mix Zifen Qian's daily employment duty with none employment painting presentation of being considered publishing. As daily job duty Zifen Qian has to design formats of portfolio, greeting card and other paper products which mostly were graphic design by using computer software and traditional none computerized cutting, pasting, collaging and thinking of future product forms and trends, as well as to help printing related work. <u>But the job duty of this employment is NOT about creating personal style original academic painting,</u> otherwise the way of pay and rate of pay should be totally different. Gary Spector and Carol Wilson certainly understood that such hourly pay should not include Zifen Qian's original painting creation and copyright, <u>that's why the contract of employment agreement did not indicate painting creation as part of Zifen Qian's job duty.</u>

4. About process of publishing any painting to CWFA greeting cards and portfolio stationaries, Gary Spector as publisher can only pick what he liked paintings Zifen Qian submitted or other painter's paintings submitted from elsewhere worldwide to be published on CWFA greeting cards and portfolios. He can have suggestions and

comments on those paintings for potential to be published on CWFA portfolios and greeting cards. Those are his responsibility as a publisher, but nothing to do with control and direct author's original painting creations. As a professional painter <u>Zifen Qian has his own knowledgeable judgment of how to create his paintings that represent his own identity. Nobody can control or direct Zifen Qian's style, philosophy, sprit, emotion and personality of his painting.</u> A piece of painting is a symbol of an artist's identity includes style, philosophy, sprit, emotion and personality. <u>If a painting is done under control and direct by somebody other than artist himself, that kind of painting in professional term is called "production painting without artist's identity". Such painting is completely different than creative painting which represents artist's identity of style, philosophy, sprit, emotion and personality.</u> Zifen Qian would not recognize such "production painting without artist's identity" as his painting, and never done such painting, and would not sign his name on such painting, and would not allow print his name on the publication along with such painting. Again, in the United States, any individual who controls or directs other person to vote or to sign statements include painting (painting is visual statement) is against law, that means once Zifen Qian's signature or the name being published within a painting, that painting must 100% represent his (author)'s identity with 100% personal decision without others control and direct. Therefore Zifen Qian must hold authorship and copyright ownership of the painting. <u>That is a basic common sense and legal knowledge for any professional artist and any publisher. That is also a basic human rights principle protected by US Constitution and related laws. That is not only American value but also universal value of human civilization.</u>

5. "Work made for hire" does not like the work that copyright transferred to publisher (with written transferring agreement) so the author can still have name or signature on the work to be credited but without copyright. If a work labeled "work made for hire", the author must be employer (US Copyright Act section 201). <u>In this case, the authorship of those paintings Zifen Qian has done is unchangeable and always belongs to Zifen Qian (painter) which has been recognized by the world. Zifen Qian's name and signature being published on CWFA greeting cards and other paper publications is strong evidence that Zifen Qian's painting cannot be labeled definition of "work made for hire" (see exhibits 1 to 4).</u>

### III
### CONCLUSION

As long as the painting creation is not indicated as job duty in an employment agreement, as long as the painting represents painter's style, philosophy, sprit, emotion and personality, as

long as the painting has independent academic value beyond one publication need, that painting's copyright must belong to the author (painter) pursuit US Copyright Act and Nimmer Copyright Notes.

Zifen Qian as a lawful and natural author of every his painting has done during the 21 years holds copyrights of his own paintings including those have been selected by Carol Wilson Fine Arts, Inc. to be published on greeting cards and related paper products. Those painting creations were not part of his Employment Agreement. Those were part of Zifen Qian's academic researches and practices. Zifen Qian never sign any agreement relates to his paintings with Carol Wilson Fine Arts, Inc. All Zifen Qian's paintings have been published on CWFA greeting cards have printed "Watercolor by Zifen Qian" as author name on the back of each card and his signatures have been published along with his paintings on CWFA publications as well. Those paintings represent Zifen Qian's style, philosophy, sprit, emotion and personality with independent academic value beyond CWFA publication need. Those paintings are important part of **Zifen Qian Paintings** and will be remaining in the art history and 100 years from now people will still recognize the fact.

<u>Plaintiff has no legal and logical bases to survive Motion of Plaintiff's Partial Summary Judgment, and Plaintiff's law suit of this case must be dismissed. Zifen Qian's authorship and copyright ownership of all his own paintings are protected by US copyright laws.</u>

*[signature]*

Zifen Qian                                                                                          Date: July 21, 2014

2811 Beacon Hill Drive

West Linn, OR 97068

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21th, 2014, a copy of SUPPORT OF MOTION OF DEFENDANT ZIFEN QIAN'S RESPONDING MOTION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT was served by US Mail and email to:

Stephen J. Joncus, OSB #013072

KLARQUIST SPARKMAN, LLP

121 S. W. Salmon Street, Suite 1600

Portland, OR 97204

Stephen.joncus@klarquist.com.

Attorney for Plaintiff

*[signature]*

By: Zifen Qian

2811 Beacon Hill Drive

West Linn, OR 97068

Zifen@live.