IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CAROL WILSON FINE ARTS, INC.,           Civil No.: 3:14-CV-00587-AA

An Oregon corporation,

Plaintiff,

v.

ZIFEN QIAN,

An individual,

Defendant.

## RESPONDING TO PLAINTIFF CAROL WILSON FINE ARTS, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Responding to Plaintiff's Argument A:**

It should say, Plaintiff has no evidence to prove the title of "Senior Artist" is about painting. It is common knowledge in art industry that such title is about Graphic Designer. The title of "Senior Artist" is not for Zifen Qian's painting creation.

Responding Plaintiff's quotation: An employee's work is within the scope of employment if: "(a) it is of the kind the employee is employed to perform"; **There is a clear evidence shown that Zifen Qian's painting was not part of his Employment Agreement, therefore there is no evidence and legal base of "employed to perform" to apply for Zifen Qian's painting creation;** "(b) it occurs substantially within the authorized time and space limits"; **Zifen Qian's painting has never been created under any "authorized" time and space limits because painting creation is one of most important rights of freedom of expression protected by US Constitution. Creation cannot be authorized;** and "(c) it is actuated, at least in part, by a purpose to serve the employer". **The "purpose" of Zifen Qian's painting was not to "serve" any employer, instead, it was for expression and developing Zifen Qian's own style, philosophy and spirit. It was available for any suitable publisher to publish but NOT FOR any employer. There is no legal contract to show any employment relationship between Zifen Qian's painting with any employer.**

Plaintiff's statement of "Most of Mr. Qian's time working at Carol Wilson Fine Arts was spent preparing, drawing, and painting artwork" is not true, <u>Those Zifen Qian's paintings include most of them as roughs and part of fully or partially created at Zifen Qian Studio outside of CWFA that still staying in Carol Wilson Fine Arts, Inc. office drawers are totally around 1000 small pieces have done during the 21 years. Do a calculation: Average less than 4 pieces per month of all above indicated paintings, roughs no matter have done at Zifen Qian Studio or CWFA office. The fact is, Zifen Qian can paint more than 10 pieces of such small roughs in one day and can paint some completely finished paintings 1 to 2 days per piece. Therefore, by the calculation Zifen Qian average only spend 2 to 3 days each month to paint and to present creation of those paintings as research and practice include such research and practice at Zifen Qian Studio, university libraries and other places.</u> **Such painting research and practice can not be matched as a full time position. Zifen Qian spend most of time to work on his job duty as Graphic Designer.**

**Responding to Plaintiff's Argument B:**

Plaintiff repeatedly misplaced concepts of **copyright ownership issue** and **Employment issue**. Plaintiff states "Carol Wilson Fine Arts' employment agreement with Mr. Qian is silent on who would own the copyright in Mr. Qian's work". **Since there is no legal employment relationship from the Employment Agreement between Zifen Qian's painting creation with Carol Wilson Fine Arts, Inc. the "silent on who own the copyright in Mr. Qian's work" is irrelevant to apply for this case. "silent" is for copyright ownership issue NOT for Employment issue.**

Plaintiff states the Employment Agreement has a sentence of "shall, at all times, provide services to Employer under Employer's control and direction". <u>That "all time" "service" must be the **service of indicated job duty** and such **service** to be "under Employer's control and direction". The truth were: a, Zifen Qian's painting creation has not been indicated in the Employment Agreement as job duty; b, freedom of expression (painting creation) can not be the definition of "service". Definition of "service" involves clear objective to be served, but definition of freedom of expression is not restricted by any objective to be served, Zifen Qian's painting creation research and practice have no restriction by any objective to be served because there is no agreement relates to Zifen Qian's painting; c, any "control and direction" to personal freedom of expression such as painting creation that shows the symbol of personal identity is against US constitution and related laws,</u> **therefore Zifen Qian never accept any control and direction to his painting creation from any individual and institution because there is no written agreement of legal employment relationship between Zifen Qian's painting with any individual and institution.**

**Responding to Plaintiff's Argument C**

The principle of Nimmer on Copyright Notes **is not just for school teacher's lecture notes exception, it is about issue of freedom of expression of all intellectual's academic works** "whether employed by the <u>Government</u> or a <u>private institution</u>" (NIMMER on supra note 19, § 5.03[B][l][b][i] & n.94, see also William H. Carnahan, Copyright In Our Realm of Learning, 7C. COUNS. 421, 436. 1972). Examples: a, college professor owns copyright and authorship of his or her book written during his or her employment and which book may not be teaching lecture notes but just for research presentation; b, government officer such as President or governor owns copyright and authorship of his or her speech or written statement and it not relates to teaching lecture notes. <u>It is clear that US copyright laws include Nimmer on Copyright Notes</u> **protect freedom of expression of original author of his or her work if there is no written contract to transfer the right to others or employment agreement to indicate such work is part of employment.**

**Responding to Plaintiff's Argument D**

Zifen Qian's authorship is unchangeable and has been confirmed and recognized by the world through his signature and name to be published with the paintings. Plaintiff's acknowledgement of the fact that Zifen Qian is painter of the painting clearly acknowledged Zifen Qian's authorship of the painting, and therefore Zifen Qian's painting cannot be the definition of "work made for hire" because the definition (legal issue) of "work made for hire" indicates employer should be the author (painter) if the work being labeled "work made for hire". Therefore the definition of "work made for hire" is not matched by the real fact that everyone recognized that Zifen Qian is the painter (author) of those original paintings.

Plaintiff states "the names of actors and screenwriters appear prominently in the credits and advertisements for movies. Such an acknowledgement of a contribution of the people that contributed to the work provides no indication of copyright ownership. The same is true for Carol Wilson Fine Arts' acknowledgment of a contribution by Mr. Qian". **Plaintiff lacks basic knowledge that a contract between those actors or screenwriters with film maker must be signed with detailed specific indication of who owns what rights before the movies can be showing publicly. This instance is not the same situation of this case.**

**Responding to Plaintiff's Argument E**

Zifen Qian's many paintings have been <u>published by newspapers and magazines with no "independent contractor" status and "employment" status, but have copyright ownership and authorship of all those published works</u> (evidenced by some of such publications, and can be shown if needed). How does Plaintiff know that Zifen Qian was an independent contractor with the book of <Entertaining with Betsy Bloomingdale>? **There were other status existing beyond**

<u>"independent contractor" and "employment" with common scenes to recognize painter's copyright and authorship through publishing author's name or copyright code.</u>

In short, <u>there is no legal employment relationship between Zifen Qian's painting creation with Carol Wilson Fine Arts, Inc. Plaintiff has no any legal written agreement to support the position of Zifen Qian's painting for employment.</u>

### Responding to Plaintiff's Argument F

Plaintiff recognized Zifen Qian's aesthetic style of the painting is "the very nature of what it means to be an artist". That means Plaintiff <u>has recognized Zifen Qian's identity of such expression,</u> **that also means "the very nature of what it means to be an artist" must to have freedom of expression to create own style which protected by US Constitution and no one should be allowed to control or direct such freedom of expression. Nimmer On Copyright Notes protected all such freedom of expression based on Constitution.**

### Responding to Plaintiff's Argument G

All Defendant claims were based on related laws and courses of this litigation. MOTION OF DEFENDANT ZIFEN QIAN'S SUMMARY JUDGMENT is based on specific laws and evidences of the truth. Defendant claims are reasonable. Defendant prays the court to prove the claims.

### CONCLUSION

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT has demonstrated the misunderstanding and misplacing of the principles of US copyright laws and US constitution with illogical arguments. Plaintiff's unlawfully registered Zifen Qian's original paintings to be CWFA's copyrights infringed Zifen Qian's copyrights and damaged Zifen Qian's professional reputation and constitutional rights. Therefore, MOTION OF DEFENDANT ZIFEN QIAN'S SUMMARY JUDGMENT is a suitable justice of this case.

*[signature]*

Zifen Qian

2811 Beacon Hill Drive

West Linn, OR 97068

zifen@live.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4th, 2014, a copy of RESPONDING TO PLAINTIFF CAROL WILSON FINE ARTS, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served by US Mail and email to:

Stephen J. Joncus, OSB #013072

KLARQUIST SPARKMAN, LLP

121 S. W. Salmon Street, Suite 1600

Portland, OR 97204

Stephen.joncus@klarquist.com.

Attorney for Plaintiff

By: Zifen Qian

2811 Beacon Hill Drive

West Linn, OR 97068

Zifen@live.com